IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AARON PEILA,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Case No. 2:18-cv-00219-DN<br><br>District Judge David Nuffer |

Petitioner Aaron Peila, a person in federal custody, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion").[1] In the Motion, Peila requests an order reducing his sentence in *United States v. Peila*, No. 2:14-cr-00247-DN (D. Utah), (the "Criminal Case") based on ineffective assistance of counsel.[2] Having reviewed and considered the Motion, the government's response,[3] and the files and records of the case, and for good cause appearing, the following findings are entered.

## FINDINGS OF FACT

1.  On September 19, 2016, Peila entered into a plea agreement in the Criminal Case (the "Agreement").[4] This was the only plea offer to Peila that was reduced to writing.

2.  Among other things, the Agreement provides:

> 7.  If I plead guilty, I will not have a trial of any kind.
> 8.  I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments

---

[1] Docket no. 1, filed March 13, 2018.

[2] *Id.* at 13.

[3] United States' Response in Opposition to Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Response"), docket no. 9, filed October 12, 2018.

[4] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C), dkt. no. 439, filed September 19, 2016.

> made by the United States in this plea agreement, I knowingly, voluntarily and
> expressly waive my right to appeal as set forth in paragraph 12 below.
> . . . .
> 12.    The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:
> . . . .
> 1.    Stipulated Sentence. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 144 months' imprisonment), which I agree is a reasonable sentence.
> . . . .
> d.    Appeal Waiver.
> (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.
> (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.
> . . . .
> I am satisfied with my lawyer.[5]

3.    During his plea hearing in the Criminal Case, Peila confirmed that he knowingly, intelligently, and voluntarily entered into the Agreement; that he understood that he was waiving his rights as stated in the Agreement, including the right to examine witnesses at trial;[6] and that he was satisfied with the services of his lawyers.[7]

4.    Prior to sentencing in the Criminal Case, Peila sent a hand-written letter to the court, in which he wrote:

> I am not writing to undermine my attorney's abilities in any way; for the help he has given me I am eternally grateful. . . . In the negotiation process I asked for a deal that had no beginning date, so we can argue for when it should begin. My

---

[5] Agreement, *supra* note 4, at 3-6.

[6] Official Transcript of Change of Plea, at 8:15-17:24, dkt. no. 487, filed in Criminal Case on January 11, 2017.

[7] *Id.* at 10:6-8.

attorney has been adamant about not being able to run time concurrent, and even when I've produced another case where they did, he feels that it somehow slipped through the cracks. The cases I've seen and heard about are nunc pro tunc cases. From what I've seen, heard, and understand the judge can set a date to begin the sentence nunc pro tunc and the date is set in stone and the BOP has to follow it. . . .[8]

5. After reviewing this letter, I explained to Peila during the sentencing hearing in the Criminal case that I could not, as a matter of law, give him credit for any prior sentences, and that I was unwilling to do so in any event.[9]

## DISCUSSION AND CONCLUSIONS

Peila argues that his counsel was ineffective in three ways. First, he asserts that his attorney failed to timely inform him of a potential plea deal "of 10 years concurrent starting from when it was offered [in] June 2015."[10] Second, he asserts that his attorney allowed his trial to be delayed "until all co-defendants cooperated against" him.[11] And, third, he asserts that his attorney only interviewed two people in preparation for trial "out of 30 co-defendants and other witnesses."[12]

A defendant asserting an ineffective assistance of counsel claim under the Sixth Amendment must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.[13] "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."[14]

---

[8] Letter from Peila, dkt. no. 454, filed in Criminal Case on December 2, 2016 (minor spelling and punctuation errors are corrected in the quotation above for readability).

[9] Official Transcript of Sentencing, at 6:8-16, 17:11-13, dkt no. 491, filed in Criminal Case on January 23, 2017.

[10] Motion, *supra* note 1, at 4, 6, 12.

[11] *Id.* at 5-6.

[12] *Id.* at 8.

[13] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[14] *Id.* at 700.

To prove deficient performance, the defendant must show "that counsel's representation fell below an objective standard of reasonableness."[15] "Judicial scrutiny of counsel's performance must be highly deferential."[16] And "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[17] So "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[18]

To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[20] "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test."[21] Rather, a defendant must establish that "counsel's conduct so undermined the proper functioning of the adversarial process" that the outcome cannot be relied on as just.[22] "Prejudice cannot result from an attorney's failure to pursue a frivolous claim."[23]

---

[15] *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citation and internal quotation marks omitted).

[16] *Strickland*, 466 U.S. at 689.

[17] *Id.*

[18] *Knowles*, 556 U.S. at 124 (citation and internal quotation marks omitted).

[19] *United States v. Goodwin*, 607 F. Supp. 2d 47, 49 (D.D.C. 2009) (quoting *Strickland*, 466 U.S. at 694).

[20] *Strickland*, 466 U.S. at 694.

[21] *Id.* at 693.

[22] *Id.* at 686.

[23] *United States v. Geraldo*, 271 F.3d 1112, 1116 (D.C. Cir. 2001).

Because "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies,"[24] analysis of the Motion here begins and ends with the question of whether counsel's alleged deficiencies prejudiced Peila.[25]

First, Peila cannot show that he was prejudiced by his attorneys' failure to timely inform him of a potential plea deal because the filings and records in the case conclusively show that the government never offered in writing to recommend a 10-year concurrent sentence.[26] And, even if it had, the court would not have accepted a recommendation for either concurrent sentencing or a term of less than 12 years.[27]

Second, Peila cannot show that he was prejudiced by any delay in going to trial because the filings and records in the case conclusively show that he wanted to delay trial;[28] that he never sought to immediately go to trial; that he never requested a severance from codefendants; and that the decision of codefendants to cooperate was a result of the evidence presented against them and not on any delay in going to trial. Besides, as indicated in the previous paragraph, the court would not have agreed to a more lenient sentence—regardless of when Peila pleaded.

And, third, Peila cannot show that he was prejudiced as a result of his attorneys' failure to interview more potential witnesses for trial. Not only has Peila made no attempt to explain what

---

[24] *Strickland*, 466 U.S. at 697.

[25] *See United States v. Roberts*, 268 F. Supp. 3d 105, 113 (D.D.C. 2017).

[26] *See* Response, *supra* note 3, at 5-6 and accompanying exhibits; *Mitchell v. United States*, 846 F.3d 937, 940 (7th Cir. 2017) (affirming denial of § 2255 motion based on ineffective assistance of counsel during plea bargaining process where government never reduced prior plea offer to writing).

[27] *See supra* text accompanying note 9.

[28] *See, e.g.*, Stipulated Motion to Continue Jury Trial, dkt. no. 388, filed June 24, 2016; Motion for Joinder in Motion to Continue Trial, dkt. no. 259, filed December 22, 2015.

information any additional interview would have produced,[29] but the files and records in the case conclusively show that Peila knowingly, intelligently, and voluntarily waived his right to examine any witnesses or to proceed to trial.

Because Peila cannot satisfy his burden of showing ineffective assistance of counsel, he is entitled to no relief under 28 U.S.C. § 2255. This is doubly true given that the files and records in the case conclusively show that Peila was satisfied with his attorneys' performance when he entered his plea, despite his knowledge of the grounds asserted in the Motion, and he has not shown any extraordinary circumstance requiring further consideration of this issue.[30]

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[31] is DENIED.

The clerk is directed to close this action.

Signed November 16, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[29] *See Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) ("When the alleged deficiency is a failure to investigate, the movant must provide the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." (internal quotation marks and citation omitted)).

[30] *See* Agreement, *supra* note 4, at 6; Official Transcript of Change of Plea, *supra* note 6, at 10:6-8; Letter from Peila, *supra* note 8; *Gao v. United States*, 375 F. Supp. 2d 456, 464 (E.D. Va. 2005) ("Because sworn statements made by a pleading defendant during a Rule 11 colloquy carry a strong presumption of verity, and require the dismissal of any § 2255 motion relying on contrary allegations absent extraordinary circumstances, petitioner's statements that she was satisfied with her attorneys' performance preclude consideration of any ineffective-assistance claim the grounds for which were apparent to petitioner at the time she entered her plea." (internal quotation marks and citation omitted)).

[31] Docket no. 1, filed March 13, 2018.